## Peoria Malting Company v. Davenport Grain and Malt Company.

1. PATENT RIGHT—*Estoppel to Deny its Validity.*—A person having had the use and benefit of a patent right, can not defend an action brought to recover the purchase price of it, on the ground of its invalidity, unless actually disturbed in the enjoyment of such patent right.

2. PATENTS—*License to Use Not an Assignment.*—A license to manufacture a patented article and to make use of an invention covered by

Peoria Malting Co. v. Davenport Grain & Malt Co.

letters patent, is not an assignment, and need not be recorded under the patent laws as such, to insure its validity.

3. INTEREST—*On Written Contracts.*—Money, payable under a written contract, unless otherwise specified, is due as soon as the contract is made, and draws interest, under the statute, from such date.

4. CONTRACTS—*Acceptance by Letter.*—When one party made a draft of a contract and sent it to the other party and he returned it together with a letter, saying, "we accept the contract," *it was held* binding upon such party.

**Assumpsit.**—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

ISAAC J. LEVINSON, attorney for appellant.

STEVENS, HORTON & ABBOTT, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action in assumpsit, brought by the appellee against the appellant, for a house right to use a certain malting machine, claimed to be owned by appellee, of certain patents issued to Henry Noth and John Noth, and a license granted thereunder by them and Mina Noth, who claimed some interest therein, to the appellee.

The declaration contained only the common counts and there was a plea of the general issue only. The appellant and the appellee, one under the laws of Illinois, and the other under the laws of Iowa, were duly organized and incorporated. The contract under which the recovery was sought was, in substance, that in consideration of the sum of $1,000, to be paid by the appellant to the appellee, the latter sold, conveyed, assigned and set over to appellant a house right under the patents on malting machines then held by Henry and John Noth of Davenport, Iowa, under letters patent to them of the United States. The license included the right to appellant to erect and operate a malthouse in the city of Peoria, Illinois, and therein to use the invention or inventions covered by the said letters patent. There was a warranty in the contract against all damages caused from expenses to the extent only of $1,000 arising to the appellant on ac-

count of judgments against appellant for infringements, provided that in the event an action should be brought against appellant for such infringements, it should at once notify appellee of the pendency of such action and give it an opportunity to make defense or to assist in the defense of such actions.

The same case was tried by a jury and resulted in a verdict for $1,000 and interest from March 4, 1892, in favor of appellee, upon which judgment was rendered.

From this judgment this appeal is taken.

It appears that a verbal contract had been entered into in Davenport, Iowa, between the parties in this suit, in substance, as above stated, and the appellant commenced the erection of the malt house in Peoria early in 1892, and all the parties interested in the patent had been present at the conference, and Mina Noth, who was interested in the Davenport Malt and Grain Company, the appellee, in its contract between it and her, consented in writing, to the agreement between appellant and appellee to erect the malt mill in Peoria, which agreement was dated the 26th day of December, 1891.

About March, 1892, a written draft of the contract was made out by appellee and sent to appellant, to Peoria, inclosed in a letter, inquiring what disposition they proposed making of the contract. To this appellant replied by letter, signed by it, by Albert Woolner, its secretary, dated March 4, 1892, in which it stated, "We accept the contract, but think you ought to give us time on the money, at least until the building is up and in running order," and inclosed the contract and returned it to appellee.

It is argued by counsel for appellant that the agreement in writing between it and appellee, and the assignment by the patentees to appellee of the license under the patent, amount to a conveyance of the entire patent, and is invalid unless recorded, and he disputes the right of Albert Woolner, appellant's secretary, to accept the contract, and he questions the right to recover interest.

We think that the assignment to appellee by the Noths,

was not the assignment of the patent, but a mere license. Neither was the contract between appellee and appellant anything but a license; therefore the refusal of the court to instruct the jury to that effect was not error.   And even if it had been an assignment instead of a license, a recording of the patent would not have been necessary to make the contract binding.

The appellant having had the use and benefit of the patent can not defend on the ground of its invalidity unless actually disturbed in its enjoyment of the patent right. Buss v. Putney, 38 N. H. 44; Havana Press Drill Company v. Ashurst, 148 Ill. 115; Platt v. Fire Extinguisher Mfg. Co., 59 Fed. 897.

It is insisted further, that the letter written by Albert Woolner is not admissible, but we think the evidence justified the jury and the court in finding that he had the power to write the letter.   It is insisted that the damages are excessive, in that the appellee had no right to recover interest, and that Sec. 2, Chap. 74, Revised Statutes, does not allow interest in a case like this.

We think, however, that the clause in that statute allowing interest to be recovered on money due on instruments of writing would cover this case.   It will appear from the evidence, that while the contract was verbal in the first instance, it was afterward reduced to writing, and, as we hold, agreed to by the parties, and on the part of the appellant accepted by the company by Albert Woolner, its authorized agent, in the letter which he wrote accompanying the contract.

The money was due as soon as the contract was accepted.

The question whether there was vexatious and unreasonable delay in the payment of the money need not be considered by us, as we hold interest can be recovered under the written contract.

The above were the only objections to the verdict and judgment made in appellant's brief.

Holding, therefore, that there has been no error committed by the court below, the judgment is affirmed.